UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10052-CIV-MOORE/SIMONTON

DOUGLAS C. KILPATRICK,

    Plaintiff,

v.

BREG, INC.,

    Defendant.
_____/

## ORDER DENYING
## DEFENDANT'S MOTION TO QUASH RULE 30(b)(6) DEPOSITION NOTICE

Presently pending before the Court is the Motion to Quash Rule 30(b)(6) Deposition Notice, filed by Defendant Breg, Inc. ("Breg") (DE # 26). This motion is fully briefed (DE ## 29, 31) and all pretrial discovery motions have been referred to the undersigned Magistrate Judge (DE # 4). Based upon a review of the record as a whole and for the reasons stated herein, Defendant's motion is DENIED.

    I.    BACKGROUND

This is a product liability action in which Plaintiff has alleged that he suffered injuries caused by a pain pump manufactured by Breg (DE # 1). On December 16, 2008, Plaintiff noticed a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) for the purpose of requesting documents and examining a Breg representative designated to testify on matters concerning Breg's internal management of information – primarily electronic data – pertaining to the pain pump, including its policies and procedures regarding the deletion, back up, preservation, archiving and retrieval of such information

(DE # 26, Ex. B).[1]  The deposition is scheduled to occur on January 16, 2009 (DE # 26, Ex. B).  The discovery deadline expires on April 27, 2009.

## II.	THE PARTIES' POSITIONS

Breg argues that the areas of inquiry and document requests contained in the deposition notice are irrelevant, unreasonably cumulative, and unduly burdensome and expensive (DE # 26).  According to Breg, the information sought is irrelevant because it does not directly relate to the pain pump at issue in this case, but rather the methods that Breg uses to store its internal records.  Breg asserts that its attorneys are currently overseeing a "litigation hold" over any potentially relevant records; that Breg has already produced over 2,000 pages of documents, which comprise "most of the records within its possession custody or control" that relate to the pain pump at issue (DE # 31 at 6); and that Plaintiff has not suggested that any discoverable information is being improperly withheld (DE # 31).  Breg also argues that the deposition relating to its data management systems would be unreasonably cumulative, since it could only lead to the discovery of documents relevant to the pain pump that it has already produced (DE # 26 at 6).  Finally, Breg asserts that Plaintiff has no reason to doubt all relevant and discoverable materials have been produced and, therefore, a deposition relating to Breg's internal data management system for the purposes of "confirm[ing]" that its document production is complete will create an undue burden and expense, especially because Plaintiff's counsel has not yet reviewed the 2,000 pages of documents that were recently produced by Breg (DE # 26 at 6-7).

Plaintiff states that Breg's initial disclosures consisted of less than 200 pages of

---

[1]  An identical deposition notice was first served on Breg November 18, 2008, but the parties agreed to postpone the deposition.

documents and that Breg's initial claim that it had a "minimal" amount of discoverable electronic data was not credible considering the typical operation of a modern corporation.  Plaintiff points out that Breg did not produce the 2,000 pages of documents that it touts in its motion to quash the deposition until after it filed the motion; and, Plaintiff asserts, he is not required to accept the conclusory statement by Breg's counsel that all discoverable documents have been, or will be, produced.  In this regard, Plaintiff notes that, even after Breg supplemented its initial discovery responses, it only listed two employees with knowledge of the matters at issue in this case, whereas his own investigation indicates that there are as many of eleven employees with relevant knowledge (DE # 29 at 5 n.3).  Moreover, Plaintiff explains that Breg has not provided any information regarding its "adverse event database," which is typically a fundamental document in similar cases, and that he believes that Breg was incorrect when it claimed, during the deposition that took place in a similar case, that certain relevant electronic information, such as old versions of Breg's website, is no longer accessible (DE # 29 at 8-10).  In general, according to Plaintiff, the information gleaned from the deposition will alleviate, rather than exacerbate, the burden and cost of discovery as this case progresses, because he will be able to make more precise and efficient discovery requests if he is knowledgeable about Breg's data management system (DE # 29).

    III.    <u>ANALYSIS</u>

Breg misses the mark when it claims that Plaintiff's discovery requests should be limited to "the issues of product defect, warnings, etc." that *directly* relate to the allegedly defective pain pump at issue in this case, rather than the methods that Breg uses to maintain and manage such information in its internal files.  The Federal Rules of Civil Procedure expressly provide that:

> **Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense –** *including the existence, description, nature, custody, condition, and location of any documents or other tangible things* **and the identity and location of persons who know of any discoverable matter.**

Fed. R. Civ. P. 26(b)(1) (emphasis added).  Plaintiff's contested discovery requests are clearly geared to learning "the existence, description, nature, custody, condition and location" of information related to the pain pump at issue.

It is not necessary, as Breg suggests, that Plaintiff establish that Breg has intentionally and "improperly withheld or failed to preserve any documents" before he is permitted to propound discovery requests that pertain to Breg's data management system (DE # 26 at 4).  It is sufficient that Plaintiff establish that such discovery is "reasonably calculated" to lead to evidence that will likely be admissible at trial.  *Id.*; *accord* Fed. R. Civ. P. 26(b)(1), 2000 advisory committee's note ("Information about organizational arrangements or filing systems of a party could be discoverable if likely to yield or lead to the discovery of admissible information.").

Moreover, as Plaintiff explains, it is not enough that Breg's counsel promises to "hold," "preserv[e]," "not overwrit[e]," "maintain[ ] copies," and eventually produce all of relevant materials in its possession custody and control because the underlying process that Breg uses to keep those materials is vital to Plaintiff's efforts to request and access the information that he is entitled to discover; and, moreover, Plaintiff is entitled to independently evaluate the conclusory claims made by Breg's counsel that certain relevant materials, such as an adverse event database and old versions of Breg's website, do not exist or are no longer accessible (DE # 29 at 9-10).  *See generally* 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2008.2 at 62-64 (discussing discoverablity of inaccessible or deleted electronically stored information).

**Plaintiff has pointed out various reasons why Breg's prior discovery responses are inadequate and why he requires information relating to Breg's data management system, including that: (1) Breg's Rule 26(a) initial disclosures failed to include a sufficient "description by category and location . . . of all documents, electronically stored information, and tangible things" in its possession custody and control (DE # 29 at 5); (2) Breg did not disclose all of its employees who have knowledge of the issues relevant to this case (DE # 29 at 5 n.3); (3) Breg's disclosure of electronic information is sparse relative to the scope of Plaintiff's requests (DE # 29 at 7-8); (4) Breg has not disclosed any information about its "adverse event database" (DE # 29 at 9); and (5) Breg's counsel has stated that Breg is not capable of accessing certain potentially relevant electronic information, such as old versions of its website (DE # 29 at 9-10).**

**Breg has failed to carry its burden of proving that a protective order is warranted either because the deposition will be unreasonably cumulative or because it will constitute an undue burden and expense.  *See Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698-99 (S.D. Fla. 2008) ("To make a showing of good cause, the movant has the burden of showing the injury 'with specificity,'" and "courts should only limit discovery 'based on *evidence* of the burden involved, not on a mere recitation that the discovery request is unduly burdensome.'").  The undersigned finds that the instant discovery requests are not unreasonably cumulative, because it is likely that Plaintiff will use the information garnered during the deposition to craft further discovery requests that will uncover information that Breg previously thought was not accessible or that Breg had simply overlooked.  The undersigned also finds that the instant discovery requests are not unduly burdensome or expensive because they will likely permit Plaintiff to propound future discovery requests that are more focused and efficient,**

reducing the cost of this litigation to all parties in the long run.  It is, accordingly,

**ORDERED AND ADJUDGED** that Defendant's Motion to Quash Rule 30(b)(6) Deposition Notice (DE # 26) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on January 9, 2009.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable K. Michael Moore, United States District Judge
All counsel of record