UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10052-CIV-MOORE/SIMONTON

DOUGLAS C. KILPATRICK,

    Plaintiff,

v.

BREG, INC.,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL BY DEFAULT

**Presently pending before the Court is Defendant's Motion to Compel Discovery (DE # 32). The deadline for filing a timely response to this motion expired on January 23, 2009 and none has been filed to date. All pretrial discovery matters are referred to the undersigned Magistrate Judge (DE # 4). Based upon a review of the record, Defendant's motion is GRANTED BY DEFAULT.**

**This lawsuit arose based upon Plaintiff's allegation that he suffered injuries, including lost wages, as a result of using a defective pain pump manufactured by Defendant (DE # 1). Defendant submitted Requests for Production to Plaintiff seeking, *inter alia*, the production of certain executed authorization forms (DE # 32, Ex. B). In the instant motion to compel discovery, Defendant asserts that Plaintiff is required to complete authorization forms to enable Defendant to obtain Plaintiff's employment and educational records, but that Plaintiff has refused to do so (DE # 32).**

**According to Defendant, Plaintiff claims that it is not necessary to complete an authorization form to obtain his employment records because Plaintiff is self-employed. Defendant contends that the authorization form is necessary to obtain "Plaintiff's employment records from his previous employers[, which] are discoverable as well" (DE**

# 32 at 3-4).

In addition, according to Defendant, Plaintiff claims that it is not necessary to complete an authorization form with respect to his employment records because those records are irrelevant. Defendant, on the other hand, asserts that "[e]ducation records, no matter how old, are relevant . . . and discoverable . . . because a person's qualifications for employment," which are relevant to determine the measure of damages based on lost wages, are dependent on his level of education (DE # 32 at 4).

The undersigned notes that Plaintiff has not filed a response in opposition to the motion, and therefore it is appropriate to grant this motion by default. Moreover, the undersigned concludes that records relating to Plaintiff's past employment and educational history are reasonably calculated to lead to discovery of admissible evidence that is relevant to Plaintiff's claim for lost wages and earning capacity; and, therefore, Defendants are entitled to have Plaintiff complete the authorizations necessary to obtain those materials. *See Thai v. Miller Truck Lines, Inc.*, No. 05-1958, 2006 U.S. Dist. LEXIS 56300 (W.D. La. Aug. 11, 2006). It is, accordingly,

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel (DE # 32) is **GRANTED BY DEFAULT**. On or before February 6, 2009, Plaintiff shall deliver to Defendant's counsel completed and executed copies of the Authorization for Disclosure of Educational Records and Authorization for Disclosure of Employment Records (DE # 32, Ex. 1 at 23-24). Given the circumstances of the case as a whole, however, the undersigned finds that an award of attorneys' fees and costs is unwarranted at this juncture. Therefore, Defendant's request for attorneys' fees and costs is **DENIED**

**WITHOUT PREJUDICE** to renew if Plaintiff does not comply with this Order within the time provided.

**DONE AND ORDERED** in chambers in Miami, Florida on January 28, 2009.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies to:**
**The Honorable Ursula Ungaro,**
**United States District Judge**

**All counsel of record**