UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10052-CIV-MOORE/SIMONTON

DOUGLAS C. KILPATRICK,

    Plaintiff,

v.

BREG, INC.,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL BY DEFAULT

Presently pending before the Court is Defendant's Motion to Compel Discovery (DE # 54). The deadline for filing a timely response to this motion expired on May 11, 2009 and none has been filed to date. All pretrial discovery matters are referred to the undersigned Magistrate Judge (DE # 4). Based upon a review of the record, Defendant's motion is GRANTED BY DEFAULT.

    I.    BACKGROUND

This lawsuit arose based upon Plaintiff's allegation that he suffered injuries, including lost wages, as a result of using a defective pain pump manufactured by Defendant (DE # 1). This matter is set for trial to commence on the two-week trial period of July 6, 2009; and, the discovery deadline expired on April 27, 2009 (DE # 18).

In the instant motion, Defendant seeks an Order of this Court that directs Plaintiff to provide more complete responses to certain interrogatories, requests for production and requests for admission; and, that deems admitted certain requests for admission based on Plaintiff's failure to provide adequate responses.

II.     **INTERROGATORIES**

On October 27, 2009, Defendant served Plaintiff with its First Set of Interrogatories (DE # 54, Ex. A).  Plaintiff responded on December 1, 2008 (DE # 54, Ex. C).  Defendant asserts that Plaintiff has not provided complete responses to Interrogatory Nos. 8, 9, and 10.[1]

Interrogatory No. 8 requests Plaintiff to "[s]tate the amount of lost income and future lost earning capacity . . . claim[ed] as special damages for which recovery is sought in this case, and describe the method by which you determined this amount."

Interrogatory No. 9 asks Plaintiff to "[d]escribe and specify the amount of all items of special damages . . . for which recovery is sought in this case."

Interrogatory No. 10 asks Plaintiff to "[s]et forth with particularity all of the facts upon which you base each and every claim of negligence, product liability or product defect which is made in your Complaint with regard to the manufacture, design or sale of the subject pain pump, identifying with particularity each and every component which is claimed to have been negligently or defectively manufactured, designed or sold and state the claimed negligence and/or defect with regard to each identified component" (DE # 54 at 3).

According to Defendant, it is entitled to discovery related to Plaintiff's liability damage contentions pursuant to Federal Rules of Civil Procedure 26(a)(1) and 33(a)(2); and, despite sending letters pointing out the insufficiency of Plaintiff's responses regarding Defendant's purported liability as well as Plaintiff's lost future earnings and

---

[1] The undersigned notes that Defendant transcribed Interrogatory No. 11, as well as a portion of Plaintiff's response to that Interrogatory, to its motion to compel.  This appears to be a clerical error, however, as Defendant does not expressly argue that this Interrogatory was inadequate nor does he specifically request relief as to this Interrogatory (DE # 54 at 4).

special damages, the responses have not been supplemented (DE # 54, Exs. E and H).

The undersigned concludes that Interrogatory Nos. 8, 9 and 10 are clearly relevant and shall be supplemented to describe the alleged acts giving rise to Defendant's cause of action, as well as the nature and amount of the lost future earnings and special damages that Plaintiff claims in this lawsuit.

### III.  REQUESTS FOR PRODUCTION

On October 27, 2008, Defendant served its First Request for Production ("RFP") on Plaintiff (DE # 54, Ex. B).  Plaintiff responded on December 1, 2008 (DE # 54, Ex. D).

In RFP No. 13, Defendant requested the production of "[a]ll documents evidencing any special damages for which recovery is sought in this case."

In RFP No. 14, Defendant requested the production of "[a]ll documents which [Plaintiff] claim[s] support or establish the alleged liability of Breg in this case."

In RFP No. 15, Defendant requested the production of "[a]ll documents you intend to offer as an exhibit or otherwise at trial in this case" (DE # 54 at 4).

The undersigned agrees with Defendant that these requests for production request materials that are relevant to this lawsuit; and, therefore, Plaintiff must produce any responsive documents within his possession, custody or control, pursuant to Federal Rules of Civil Procedure 26 and 34.

### IV.  REQUESTS FOR ADMISSION

On March 9, 2009, Defendant served its Requests for Admission ("RFA") on Plaintiff (DE # 54, Ex. F).  Plaintiff responded on April 8, 2009 (DE # 54, Ex. G).  Defendant disputed the adequacy of these responses in a letter it sent to Plaintiff on April 16, 2009 (DE # 54, Ex. H).  In the present Motion to Compel, Defendant seeks to have certain Requests deemed admitted immediately (RFA Nos. 3, 4, 9, 11, 14 and 15); and, seeks to

have other Requests either supplemented or deemed admitted (RFA Nos. 1, 2 and 5).

  A. <u>Request for Admission No. 1</u>

In RFA No. 1, Defendant sought Plaintiff's admission "that the attached on-product package/pouch label, directions for application, patient directions, clinical instructions for use and/or warnings for the pain pump reflected the then-prevailing state of knowledge of the medical industry on October 5, 2004, the date of Plaintiff['s] shoulder surgery" (DE # 54 at 5).

Plaintiff's initial response consisted of a conclusory denial; and, when Defendant asked Plaintiff to clarify this statement in a subsequent interrogatory, he stated that Defendant's failure to "identify[ ] what subject upon which the medical industry knowledge is to be measured, [means] the question can only [refer to] the entirety of the medical industries['] knowledge," concluding that, "[o]bviously, Breg's documents do not contain that knowledge" (DE # 54 at 6).

Defendant asserts that, if Plaintiff intends to argue at trial that the design of the pain pump and its warnings were inconsistent with prevailing medical standards at the time of Plaintiff's alleged injuries, then it is entitled to know the basis for those contentions; and, therefore, Plaintiff should be ordered to "supplement his response and provide the evidentiary basis for his denial of this request" (DE # 54 at 6).

The Federal Rules provide:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

4

Fed. R. Civ. P. 36(a)(4).

Plaintiff has filed no response in opposition to this request, and therefore although this information may be obtained more properly through an interrogatory, Defendant's motion to compel is granted.

B.  Request for Admission No. 2

In RFA No. 2, Defendant asked Plaintiff to "[a]dmit that Plaintiff . . ., or any person acting on his behalf, never received or relied upon any written instructions provided by [Defendant] regarding the Pain Care 3000 either prior to or at the time of surgery on October 5, 2004" (DE # 54 at 6).

Plaintiff initially denied this RFA in conclusory terms; and, when asked to supplement this denial in a subsequent interrogatory, Plaintiff stated that he "was given an instruction sheet upon which he relied." Defendant points out that the instruction sheet Plaintiff referred to was not provided by Defendant; and, therefore, Plaintiff should be compelled to clarify whether he received or relied on an instruction sheet provided by Defendant (DE # 54 at 6-7).

Even if this motion to compel were not due to be granted by default, the undersigned agrees with Defendant. The RFA is relevant to this lawsuit and it clearly refers to any instruction sheet provided by Defendant. Therefore, Plaintiff "must fairly respond to the substance of the matter," Fed. R. Civ. P. 36(a)(4), by clarifying whether he contends to have relied on written instructions provided by Defendant, as opposed to any other individual or entity.

C.  Request for Admission No. 3

In RFA No. 3, Defendant requested that Plaintiff "[a]dmit that [Defendant] obeyed all federal, state or government regulations, guidelines or statutes regarding the design,

5

manufacture, promotion, sale and distribution of the subject 3000 pain pump which was used immediately following [P]laintiff['s] surgery on October 5, 2004" (DE # 54 at 7).

Plaintiff responded that he "is without sufficient knowledge to admit or deny this request. No expenditure of reasonable effort would allow the Plaintiff to familiarize himself with[ ] 'all federal, state or governmental regulations, guidelines or statutes regarding the design, manufacture, promotion, sale and distribution' that govern or control the design manufacture, promotion, sale and distribution of this pump sufficient to meaningfully respond" (DE # 54 at 7).

RFA No. 3 is clearly relevant under the Federal Rules; and, based on Plaintiff's failure to file a response in opposition to this Request, it is deemed admitted.

D.   Request for Admission No. 4

In RFA No. 4, Defendant sought Plaintiff's admission that Defendant "never engaged in a practice that would offend established public policies and that was immoral, unethical, unscrupulous or substantially injurious to consumers with respect to the design, manufacture, promotion, sale and distribution of the subject pain pump which was used during the October 5, 2004 surgery" (DE # 54 at 8).

Plaintiff responded that he "is without sufficient knowledge to admit or deny this request. Plaintiff does not know what is meant by the term 'established public policies' and after reasonable inquiry cannot locate any established public policies that govern the design, manufacture, promotion, sale or distribution of this product" (DE # 54 at 8).

RFA No. 4 is clearly relevant under the Federal Rules; and, based on Plaintiff's failure to file a response in opposition to this Request, it is deemed admitted.

6

E.      Request for Admission No. 5

In RFA No. 5, Defendant asked Plaintiff to "[a]dmit that [Defendant] did not make a misrepresentation of material fact to Plaintiff . . . regarding the Pain Care 3000 that was used during the October 5, 2004 surgery" (DE # 54 at 8).

Plaintiff initially issued a conclusory denial; but, he responded to a follow-up interrogatory by stating that, "[b]y selling the product to Plaintiff, Defendant represented that the product was impliedly represented that it was safe for its intended use[ although i]t was not (DE # 54 at 8).

Defendant asserts that, in order to prove a cause of action for misrepresentation under Florida law, Plaintiff must demonstrate that Defendant either knew the representation to be false or made the representation under circumstances in which he should have known of its falsity (DE # 54 at 8-9) (citing *Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 650-51 (Fla. 3d Dist. Ct. App. 2006)).  Thus, Defendant requests that the Court enter an Order requiring Plaintiff to provide the evidentiary basis that he claims supports his denial of RFA No. 5.

Plaintiff has filed no response in opposition to this request and therefore Defendant's motion to compel is granted.

F.      Request for Admission No. 9

In RFA No. 9, Defendant asked Plaintiff to "[a]dmit that[,] prior to October 5, 2004, the date of Plaintiff['s] surgery, no pain pump manufacturer who marketed continuous flow pain pumps in the United States conducted any studies or tests with the catheter in the intra-articular joint space to analyze the potential for the development of chondrolysis" (DE # 54 at 9).

Plaintiff responded that he "is without sufficient knowledge to admit or deny this

7

request.  Plaintiff does not have access to sufficient information that would allow him to conduct a reasonable investigation into the testing practices of all pain pump manufacturers.  To the extent that the request calls for an admission or denial of what [Defendant] did, the request is admitted" (DE # 54 at 9).

RFA No. 9 is clearly relevant under the Federal Rules; and, based on Plaintiff's failure to file a response in opposition to this Request, it is deemed admitted.

G.     Request for Admission No. 11

In RFA No. 11, Defendant sought Plaintiff's admission that, "prior to October 5, 2004, the date of Plaintiff['s] surgery, there were no publicly-available, peer-reviewed articles, abstracts, case reports, case series, books, test data or treatises wherein it was concluded based upon a reasonable degree of medical and/or scientific certainty that intra-articular placement of a continuous flow pain pump catheter 'caused' chondrolysis" (DE # 54 at 10).

Plaintiff responded that he "is without sufficient knowledge to admit or deny this request.  No reasonable investigation would allow one to admit or deny what the universe of publicly-available, peer reviewed articles, abstracts, case reports, case series, books, test data or treatises to determine what they concluded on the subject" (DE # 54 at 10).

RFA No. 11 is clearly relevant under the Federal Rules; and, based on Plaintiff's failure to file a response in opposition to the instant Request, it is deemed admitted.

H.     Request for Admission Nos. 14-15

In RFA No. 14, Defendant asked Plaintiff to "[a]dmit that[,] prior to October 5, 2004 (date of plaintiff['s] surgery) the FDA did not make any ruling or provide any regulations or decisions prohibiting the use of continuous flow pain pump catheters in the intra-

articular space due to concerns specific to chondrolysis" (DE # 54 at 10).

And, in RFA No. 15, Defendant asked Plaintiff to "[a]dmit that[,] prior to October 5, 2004 (date of plaintiff['s] surgery) the FDA did not refuse or reject any 510K application regarding intra-articular catheter placement due to an alleged concern of the development of shoulder chondrolysis" (DE # 54 at 11).

With respect to RFA No. 14, Plaintiff responded that he is unaware of the FDA's reasons for its decision to "specifically reject[ ] pain pump manufacturer's request for that specific intended use," because "the FDA is largely immune from discovery." Plaintiff added that he "is prevented by court order from disclosing" documents representing the FDA's denial of applications from other manufacturers requesting clearance to market and sell pain pumps for inter-arterial placement, though "unnamed Breg Sales representatives, Dr. Papillon, unknown FDA representatives and Dr. Suzanne Parisian" would have knowledge concerning these applications (DE # 54 at 11).  With respect to RFA No. 15, Plaintiff also noted that "[w]hile the FDA has denied applications for clearance to market a pain pump for intra-articular placement, the reasons for that denial/ruling are unknown" (DE # 54 at 11).

Defendant argues that "Plaintiff intends to make the bold contention at trial that the FDA denied clearance to market and sell pain pumps for intra-articular placement" due to a concern that such a use would result in chondrolysis; and, that, at this late stage in the litigation, it is unacceptable for Plaintiff to deny these requests without having provided any evidentiary support for his denials.

RFA Nos. 14 and 15 are clearly relevant under the Federal Rules; and, based on Plaintiff's failure to file a response in opposition to the instant Requests, they are deemed admitted.

9

> I. **Additional Discovery Requests Regarding the FDA's Prohibition of Continuous Flow Pain Pumps in the Inter-Articular Space**

Apparently, after issuing its First Set of Interrogatories and Requests for Production, Defendant served Plaintiff with additional discovery requests, although it is not clear from Defendant's motion when those requests were made or when Plaintiff responded. Nevertheless, Defendant contends that Plaintiff's responses to Interrogatory No. 4, as well as RFP Nos. 9-10, are insufficient. These three discovery requests relate to Defendant's concern that Plaintiff intends to assert at trial that the FDA refused to approve pain pumps for use in intra-articular areas due to a concern that such a use would cause chondrolysis.[2]

> 1. **Interrogatory No. 4**

Thus, in Interrogatory No. 4, Defendant asked Plaintiff to "state with particularity the basis and all facts upon which you rely in support of your allegation that the subject Breg 3000 continuous flow pain pump was not approved by the FDA for use in the shoulder joint space as of the date of plaintiff's surgery on October 5, 2004" (DE # 54 at 12).

Plaintiff responded that Defendant's "regulatory application did not seek approval to market and sell its device for use in patients' joints. The FDA did not approve or clear the device for market with an intended use of being placed into patients' joints. The FDA is on record as calling intra-articular placement of pain pumps as a non-approved application" (DE # 54 at 12).

Defendant asserts that Plaintiff should be required to "produce any evidence

---

[2] The undersigned notes that none of these discovery requests are mentioned in the proposed order filed in connection with this motion (DE # 54 at 140).

upon which he supports the contentions asserted in his response" to this interrogatory, including the contention that "the FDA is on record as calling intra-articular placement of pain pumps as a non-approved application" (DE # 54 at 12).

The undersigned concludes that this Interrogatory is relevant to the issues raised by Plaintiff's Complaint. Moreover, Plaintiff's response does not answer the Interrogatory "separately and fully in writing," as the Federal Rules require. Fed. R. Civ. P. 33(b)(3). Thus, Plaintiff is required to respond to Defendant's request that he "state with particularity the basis and *all* facts" upon which he claims that the pain pump at issue in this case was not approved by the FDA for use in the shoulder joint space. For example, at a minimum, Plaintiff must disclose the basis for his assertion that the FDA "is on record as calling intra-articular placement of pain pumps as a non-approved application" (DE # 54 at 12).

    2. <u>Request for Production Nos. 9 and 10</u>

In RFP No. 9, Defendant sought "all documents and other tangible evidence tending to support Plaintiff[']s contention that other pain pump manufacturers applied to the FDA to approve the use of pain pumps in the shoulder joint space" (DE # 54 at 13).

Similarly, in RFP No. 10, Defendant sought "all documents and other tangible evidence tending to support Plaintiff[']s contention that the FDA denied, rejected or otherwise refused other pain pump manufacturers' applications to approve the use of pain pumps in the shoulder joint space due to FDA concerns with a potential connection to shoulder chondrolysis" (DE # 54 at 13).

Plaintiff responded identically to both RFPs by stating that he "is prohibited by court order from disclosing the requested data" (DE # 54 at 13).

In the Motion to Compel, Defendant seeks an Order which compels Plaintiff to

produce the information or that the contention be excluded from the trial.  Since Plaintiff has not responded in opposition, Defendant's motion is granted by default.

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel (DE # 32) is **GRANTED BY DEFAULT**, as follows:

1. On or before May 25, 2009, Plaintiff shall provide complete responses to Defendant's Interrogatory Nos. 8, 9 and 10.

2. On or before May 25, 2009, Plaintiff shall provide all documents within his possession custody or control that are responsive to Defendant's Request for Production Nos. 13, 14 and 15.

3. On or before May 25, 2009, Plaintiff shall supplement his response to Defendant's Request for Admission No. 1 by providing the evidentiary basis for his denial of this request.  Plaintiff's failure to comply with this Order within the time provided may result in this Court deeming Defendant's Request for Admission No. 1 admitted.

4. On or before May 25, 2009, Plaintiff shall clarify his response to Defendant's Request for Admission No. 2 by stating whether he admits or denies that on or prior to October 5, 2004 neither he, nor any person acting on his behalf, received or relied upon any written instructions regarding the pain pump at issue that were provided by Defendant, as opposed to written instructions that were provided by any other individual or entity.  Plaintiff's failure to comply with this Order within the time provided may result in this Court deeming Defendant's Request for Admission No. 2 admitted.

5. On or before May 25, 2009, Plaintiff shall supplement his response to Defendant's Request for Admission No. 5 by providing the evidentiary basis for claiming

that Defendant made a representation to Plaintiff despite Defendant's knowledge that it was false or under circumstances in which Defendant should have known of its falsity.

6.  Defendant's Request for Admission Nos. 3, 4, 9, 11, 14 and 15 are deemed admitted.

7.  On or before May 25, 2009, Plaintiff shall produce any evidence upon which he supports the contentions asserted in his response to Interrogatory No. 4.

8.  On or before May 25, 2009, Plaintiff shall produce any documents within his possession, custody or control that are responsive to Defendant's Request for Production No. 9.  Plaintiff's failure to comply with this Order within the time provided may result in Plaintiff being precluded from contending at trial that other pain pump manufacturers applied to the FDA to approve the use of pain pumps in the shoulder joint space.

9.  On or before May 25, 2009, Plaintiff shall produce any documents within his possession, custody or control that are responsive to Defendant's Request for Production No. 10.  Plaintiff's failure to comply with this Order within the time provided may result in Plaintiff being precluded from contending at trial that the FDA denied, rejected or otherwise refused other pain pump manufacturers' applications to approve the use of pain pumps in the shoulder joint space due to FDA concerns with a potential connection to shoulder chondrolysis.

10. Given the circumstances of the case as a whole the undersigned finds that an award of attorneys' fees and costs is unwarranted at this juncture.  Therefore, Defendant's request for attorneys' fees and costs is **DENIED WITHOUT PREJUDICE**

to renew if Plaintiff does not comply with this Order within the time provided.

**DONE AND ORDERED** in chambers in Miami, Florida on May 14, 2009.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable Ursula Ungaro,
  United States District Judge
All counsel of record