UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10052-CIV-MOORE/SIMONTON

DOUGLAS C. KILPATRICK,

    Plaintiff,

v.

BREG, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Presently pending before the Court is Defendant's Motion for Protective Order (DE # 65). This motion is fully briefed (DE ## 116, 117) and all pretrial discovery matters are referred to the undersigned Magistrate Judge (DE # 4). Based upon a review of the record, Defendant's Motion for Protective Order is DENIED.

The parties' present disagreement stems from the videoconference deposition of Katie Donohue, a fact witness. As Plaintiff explains in his Response, on May 14, 2009, Ms. Donohue was scheduled to be deposed in this case and in another case pending in Colorado. David Sales, Esq. was scheduled to conduct the deposition on Plaintiff's behalf, but because he was detained for five hours in an earlier deposition that was expected to last only one hour, a first-year associate at Mr. Sales' law firm, Laurie Briggs, Esq., appeared on behalf of Plaintiff until Mr. Sales was available. Ms. Donohue was first questioned by plaintiff's counsel in the Colorado case; then, Ms. Briggs followed up by asking a single question; Defendant's counsel followed; and, as plaintiff's counsel in the Colorado case was concluding his re-direct examination, Mr. Sales appeared via videoconference and began questioning the witness.

Defendant's motion for protective order begins the narrative at this point,

emphasizing that Ms. Briggs had questioned the witness; that Defendant's counsel objected to any questioning by Mr. Sales; and, that Mr. Sales nevertheless continued the deposition. Defendant argues this Court's Discovery Practices Handbook recommends that only one attorney per party should question any witness; and, because Ms. Briggs and Mr. Sales both questioned Ms. Donohue, the Court should strike any testimony provided by Ms. Donohue during Mr. Sales' examination and enter a Protective Order that prohibits more than one of Plaintiff's counsel from asking questions or lodging objections at any future depositions (DE # 65 at 2) (citing S.D. Fla. L.R., (Discovery Practices Handbook), Appx. A at 102, § II.A(2)) ("While more than one lawyer for each party may attend [a deposition], only one should question the witness or make objections, absent contrary agreement.").

Plaintiff adds in his response that, although Defendant's counsel initially objected to Mr. Sales' participation in the deposition, she stated that she was primarily concerned with the possibility that Mr. Sales would ask cumulative questions (DE # 116 at 2); that Defendant's counsel ultimately consented to Mr. Sales questioning by saying, "Why don't you go ahead and we'll just see what your questions are and we can go from there?" (DE # 116, Ex. A at 9); that the witness consented as well (DE # 116, Ex. A at 10); that Defendant's counsel lodged only one "asked and answered" objection during Mr. Sales' questioning; and, that Defendant's counsel asked at the conclusion of the deposition if "*anyone* else ha[d] any additional questions" (DE # 116, Ex. A at 12) (emphasis added). Defendant replies, however, that its counsel never formally withdrew its objection to Mr. Sales' asking questions of the witness (DE # 117 at 2).

The undersigned concludes that Defendant's motion is meritless. Viewing the record as a whole, the conduct of Plaintiff's counsel was reasonable. When Plaintiff's

lead counsel, Mr. Sales, was unable to attend the deposition, a first-year associate, Ms. Briggs, stood in for him and asked a single question. When Mr. Sales finally appeared at the deposition, Defendant's counsel initially objected to Mr. Sales' taking over for Ms. Briggs, based on a concern that Mr. Sales would ask cumulative questions; but, she ultimately invited him to question the witness and, after the witness agreed to answer his questions, Defendant's counsel lodged only a single "asked and answered" objection during Mr. Sales' examination. Moreover, at the end of the deposition, Defendant's counsel asked if anyone wanted to ask the witness additional questions. In short, this is not the kind of improper practice that the Discovery Practices Handbook is meant to address.

Even if the Court were to disregard Defendant's informal waiver of its objection to allowing Mr. Sales to depose the witness, the recommendations in the Discovery Practices Handbook are nevertheless precatory, not mandatory. S.D. Fla. L.R., (Discovery Practices Handbook), Appx. A at 99, ¶¶ 2, 4 ("2. The practices set forth in the Discovery Practices Handbook shall not have the force of law, but may be looked to by practitioners for guidance in conducting discovery in this District. . . . 4. No provision of the Discovery Practices Handbook shall limit the discretion fo a District or Magistrate Judge to provide for different practices in cases before that Judge."). In light of the fact that an unexpected scheduling conflict forced Mr. Sales to be absent from the beginning of Ms. Donohue's deposition, causing stand-in counsel, Ms. Briggs, to ask a single question before Mr. Sales could attend, Defendant's request that the Court enter a Protective Order barring more than one of Plaintiff's counsel from asking questions at any given deposition is unnecessary and speculative based on the present record. Similarly, in light of the fact that Defendant has not suggested either that Plaintiff's

counsel acted in bad faith or that Defendant was prejudiced in any way by the conduct of Plaintiff's counsel during the deposition – except to state, in conclusory terms, that Mr. Sales' questioning "imposed an unfair burden to the witness" (DE # 65 at 2) – the undersigned finds that Defendant's request to strike portions of Ms. Donohue's deposition testimony is also unwarranted. It is, accordingly,

**ORDERED AND ADJUDGED** that Defendant's Motion for Protective Order is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on June 18, 2009.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
The Honorable K. Michael Moore,
　　United States District Judge
All counsel of record